JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger

32 Broadway, Suite 601
New York, NY 10004
Phone 212) 688-5640
Fax (212) 688-2548
www.jk-llp.co

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/22/2023

January 20, 2022

**MEMORANDUM ENDORSED**

**Via ECF**

Hon. Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Toxqui v. The Jade Farm LLC, et. al* – No. 22-cv-7899 – Joint Pre-Motion Letter for Motion to Compel Discovery Responses

Dear Judge Woods,

      The parties in the above captioned action write pursuant to your Honor's Individual Rule II(c)(ii) to request a pre-motion conference regarding the parties' discovery disputes in this matter. The Plaintiff seeks to compel Defendants to produce certain categories of responsive documents that Defendants have either not yet produced or are refusing to produce on various grounds described herein and seeks to compel Defendants' attendance at a deposition on a date certain.

      Defendants also contend that Plaintiff's discovery responses, particularly their interrogatories, are wholly incomplete and inadequate to date. The parties have agreed to attempt supplemental demands and answers to cure the issue, however, the Defendants reserve their right to raise the issue should the any insufficiencies continue.

**Plaintiff's Position**

*Mediation Documents*

Pursuant to this Court's Fair Labor Standards Act ("FLSA") Mediation Referral Order (Dkt. No. 20) ("Mediation Order"), Defendants were required to produce to Plaintiff by December 16, 2022, among other documents, "any existing records of wages paid to and hours worked by the Plaintiff (e.g., payroll records, time sheets, work schedules, wage statements and wage notices)." *See* Dkt. No. 20. Defendants produced some responsive documents but did not produce any of Plaintiff's 1) time records and 2) wage statements, and 3) any daily or weekly tip sheets related to Plaintiff's tip compensation, all of which are relevant to Plaintiff's wage and hour claims. Plaintiff raised these deficiencies on a telephone call with Defense counsel on December 19, via email on December 19, January 5, 9, 12, and on a January 12 meet and confer call. On January 17 Defendants produced a portion of Plaintiff's time records and that they are not in possession of, and cannot obtain, any other of Plaintiff's time records. On January 19, Defendants took the position that Plaintiff's wage statements and tip sheets were in the possession of a third-party. Defendants have produced other payroll documents, and Plaintiff challenges the veracity of

Defendants' contention that they are not in possession of Plaintiff's wage statements and tip sheets.[1] At this point, Defendants' production of these documents is over one month past due. Plaintiff requests that the Court order the Defendants to comply with the Mediation Order and produce Plaintiff's wage statements and tip sheets.[2]

*Requests for the Production of Documents*

On December 19, 2022, Plaintiff served requests for the production of documents, and, per this Court's Order authorizing limited discovery related to the arbitration agreement (Dkt. No. 25), Defendants were required to respond by January 9, 2023. Defendants did not respond by this date, and Plaintiff raised the deficiencies via email on January 9 and 12, and on a meet and confer phone call on January 12. Defendants served responses on January 13 but did not produce documents until January 17. *See* Plaintiff's Ex. A. On January 17, Plaintiff raised, among other issues, the following unresolved deficiency with Defendants via email and on a January 20 phone call.

RFP No. 7 seeks documents related to Defendants' policy of requiring their employees to enter arbitration agreements. Defendants appear to object to the request on the basis of attorney-client privilege. Defendants then produce a subset of documents that appear to be protected by the attorney-client privilege "for the limited purpose of responding to limited discovery issues" but explicitly state that the limited production "shall not be construed as a waiver or agreement to produce any additional documents between the defendant and counsel."

Plaintiff's position is that the produced documents are privileged, but that by producing a subset of documents that is beneficial to their case, Defendants have waived the privilege and must produce all responsive documents (communications related to arbitration agreements) protected by the privilege. In other words, Defendants cannot pick and choose which privileged responsive documents they are going to produce and which they are going to withhold based on the privilege. Defendants cannot use the attorney-client privilege as a sword and a shield. *See Chevron Corp. v. Donziger*, Case No. 11-691, 2013 U.S. Dist. LEXIS 168187 at *9 (S.D.N.Y. Nov. 21, 2013) ("The attorney-client privilege cannot at once be used as a shield and a sword. A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes." (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991))). "Such selective production of or reliance on privileged communications may result in wavier of any privilege claim." *Id.* Thus, Defendants have waived the privilege, and Plaintiff requests that the Court order the production of all privileged responsive documents.[3]

*Deposition*

---

[1] Defendants' position that the Restaurant's tip sheets are kept by a third-party or are storage is unbelievable. Tip sheets are daily and weekly handwritten records kept by the waitstaff showing the distribution of tips. Plaintiff knows that these records are kept at the Restaurant and are available to the waitstaff, as it is required by law to be. *See* 12 N.YC.R.R. § 146-2.17. Further, Plaintiff's counsel, from a previous case with Defendants, knows that these records exist, are handwritten, and are kept at the Restaurant in Defendants' possession. Defendants' position that they are not in possession of these documents unfounded. Finally, Defendants have produced a payroll register from a payroll company in this matter but have not explained how they cannot also produce Plaintiff's wage statements.

[2] Because Defendants have not produced all outstanding documents as required by the Mediation Order, Plaintiff intends to seek an adjournment of the mediation, currently scheduled for January 26, from the SDNY Mediation Office, until such time at which Defendants have completed their production and Plaintiff has time to review it.

[3] Defendants' position that the emails are not privileged because they do not provide legal advice is contradicted by the substance of the emails – which clearly provide Defendants with legal documents that Defendants' attorneys are recommending they use in their business to help them comply with the wage and hour laws. *See* Def. Ex. A.

On December 29, 2022, Plaintiff noticed the deposition of Defendants' FRCP 30(b)(6) witness for an in-person deposition on January 24, 2023. *See* Plaintiff's Ex. B (Deposition Notice). Plaintiff wishes to question Defendants as to whether in fact Plaintiff's signature on his arbitration agreement was forged. As part of this questioning, Plaintiff also intends to ask questions relating to wage notices provided by Defendants in discovery. Plaintiff's position is that (a) his signature on these were forged as well, (b) he can prove that, and (c) the forgery on the wage notices is highly probative as to the forgery on the arbitration agreement.[4]

In response to a follow up email from Plaintiff's counsel, on January 6, 2023, Defendants requested that the deposition be adjourned until after the mediation scheduled for January 26. Plaintiff agreed to an adjournment but requested that Defendants identify a date on which Defendant would be available for deposition. Plaintiff believes that developing a record on the above-mentioned issue is crucial to evaluating his claims and indicated to Defendants that Plaintiff would seek to adjourn the mediation to allow for the deposition to occur prior to the mediation. In any event, Defendants have offered no justification under the federal rules to justify their refusal to produce their clients for deposition within a reasonable time frame.[5] After various email exchanges on the issue, on January 12 the parties met and conferred via telephone, and Defendants confirmed that they would not provide a date on which they would produce their 30(b)(6) witness for deposition until the mediation.

Plaintiff now seeks an order from the Court compelling Defendants to provide Plaintiff with at least three dates within the next two weeks on which their FRCP 30(b)(6) witness is available for deposition. Plaintiff will attend the mediation on the currently scheduled date if the mediator/mediation office does not adjourn it, but for the reason set forth herein, Plaintiff does not believe it will be fruitful. In fact, it will have been a wasted opportunity to resolve the case after the record is somewhat further developed with one deposition.

## Defendants' Position

*Response to Plaintiff's Objection Regarding Mediation Documents*

To date, Defendants have provided counsel with all available time records, wage notices, and payroll records regarding Plaintiff's employment, in accordance with the Court's Mediation Order. Defendants are currently in the process of procuring all remaining documentation and, as has been demonstrated by the rolling production, such will be provided as soon as it is available.

As to Plaintiff's contentions above, Defendants have today (January 20, 2023) obtained copies of both paystubs and tip sheets and are in the process of reviewing prior to turning over to Plaintiff. Defendants, however, note that they have previously produce a check register which identifies all of Plaintiff's weekly payments, including the hourly rate paid and the number of hours worked for each week.

---

[4] Defendants' position that questioning Defendants' witness about these wage notices is outside the scope of the Limited Discovery Order is baseless. Defendants themselves produced these documents pursuant to Plaintiff's Request for Production, Defendants contend that the wage notices contain Plaintiff's authentic signature, and Defendants served specific Interrogatories related to these wage notices pursuant to the Limited Discovery Order. *See supra.*

[5] Defendants note that this is a complete mischaracterization of Defendants' position. First, Defendants' counsel is not available on any date prior to the scheduled mediation to conduct depositions. Further, the Defendants are willing to comply with this Court's order and complete the depositions by the date stated in the order. However, Defendants will not consent to Plaintiff's insistence that they be completed prior to the mediation, as no order requires same.

Lastly, as to the issue of the time records, counsel has been informed that any records prior to August 2020 are no longer available due to the change in operating system by the Defendants.

*Depositions*

The Defendants object to Plaintiff's insistence that the depositions based on the Limited Discovery Order must be completed prior to mediation (currently scheduled for 1/26). The purpose of mediation is to attempt to settle the matter in order to avoid mounting litigation costs. By their deposition notice, Plaintiff has specifically identified issues to be discuss pertaining solely to the limited discovery issue related to Defendants' motion to compel arbitration. For one, this limited issue has no bearing on the negotiations at mediation; regardless of whether the venue for this matter to be tried is in this Court or AAA, the legal and factual issues to be addressed remain the same. Given that the deposition would not touch on those legal or factual disputes, there is no reasonable basis for Plaintiff's demand that the deposition occur prior to mediation. Moreover, to the extent Plaintiff's counsel intends to question the Defendants' representative regarding other matters (for example, counsel apparently intends to question the Defendants' representative about the veracity of the signatures on the pay rate notices to gain a negotiation advantage at mediation), this is inappropriate and outside the scope of the Limited Discovery Order. It must finally be noted that counsel for the Defendants are not available to conduct depositions prior to the mediation in light of other scheduled depositions, motion schedules and vacation days.

The Defendants are of course willing to submit to depositions regarding the limited discovery issues, in accordance with this Court's order, and will provide available dates for a post-mediation deposition. However, Defendants are entering mediation in good faith, but do not see any compelling need to rack up unnecessary costs before the mediation, particularly if the matter can be resolved.

*Response to Plaintiff's Request for the Production*
*of Documents And The Preservation of Attorney-Client Privilege (RFP #7)*

In responding to demands made pursuant to the Limited Discovery Order, which specifically demanded correspondence demonstrating the creation of the arbitration agreement, Defendants provided Plaintiff with an email from the Defendants' former counsel from 2015, wherein counsel provides Defendants with several documents of which Defendants are advised should be their entry packet for all incoming employees. [Defendants' Exhibit A]. Said email was responsive to Plaintiff's demand on the arbitration issue, wherein Plaintiff is seeking information as to the origin of Defendants' policy to require all incoming employees, including the Plaintiff, to sign arbitration agreements. In response to Plaintiff's demand, however, the Defendants asserted that "by their production they are not waiving any privileges or rights, including but not limited to attorney-client privileges, but provided documentation for the limited purpose of responding to limited discovery issues." [Defendants' Exhibit B]. Moreover, we submit to this Court that the communication, standing alone, did not offer legal advice but was merely transmitting these onboarding documents to Defendants. Therefore, this communication was produced as it is our position that it does not fall within the attorney-client privilege, but with the explicit caveat that this was not a waiver of the attorney-client privilege, should it be construed as privileged.

Further, the limited discovery which is being conducted by the parties is outside the regular course of litigation and comes as a result of a Court mandate. *See* Limited Discovery Order. The Defendants have asserted a specific objection on which they intend to maintain attorney-client privilege, which comports with case law protecting such privilege where disclosure comes pursuant to Court order. See Pension Committee of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC, No. 05 Civ. 9016, 2009 U.S. Dist. LEXIS 82301, 2009 WL 2921302, at *1 (SDNY 2009)(finding that plaintiff had not waived

privilege by disclosing communications with counsel regarding document preservation pursuant to court order); In re Parmalat Sec. Litig., 2006 US Dist LEXIS 88629, at *28 (SDNY 2006)("While voluntary or even inadvertent disclosure of documents may result a waiver of privilege, involuntary or compelled disclosure does not give rise to a waiver.").

"In that sense, the "shield and sword" analogy used by the [Plaintiff] to justify waiver may be inappropriate." United States v Doe (In re Grand Jury Proceedings), 219 F3d 175, 186 (2d Cir 2000). Defendants are not attempting to maintain attorney-client privilege in order to obfuscate future discovery, but rather seek to maintain the privilege in order to protect the Defendants' rights during the remainder of litigation. The email in question was provided as it directly contradicts Plaintiff's position as to the Defendants' corporate onboarding policy and, therefore, falls squarely under the Limited Discovery Order.

Alternatively, should the Court deem that Defendants disclosure did constitute waiver of the attorney-client privilege, the Defendants ask that such waiver be narrowly construed by the Court. See Doe (In re Grand Jury Proceedings), supra, 219 F3d 175, 190 ("If the district court concludes that waiver is appropriate, then it must decide what is the proper scope of the waiver.").

*Plaintiff's Responses to Interrogatories*

On December 23, 2022, the Defendants served Plaintiff with Pre-Motion Interrogatories and Pre-Motion Document Demands, pursuant to the Court's order authorizing limited discovery related to the arbitration agreement (Dkt. No. 25). The demands, particularly the interrogatories, were interposed to obtain information permitted pursuant to the Limited Discovery Order; that being, to help illuminate the contested issue regarding the arbitration agreement's authenticity. However, Plaintiff refused to respond to the majority of Defendants' interrogatories by improperly applying objections under Local Civil Rule 33.3.

As stated above, the parties have agreed to supplement Defendants' interrogatories, and Plaintiff's responses thereto. However, the Defendants reserve their right to raise continuing issues to the Court should they continue.

We thank the Court for its careful consideration of this matter.

Respectfully Submitted,

s/Michael DiGiulio
Michael DiGiulio
JOSEPH & KIRSCHENBAUM, LLP
32 Broadway, Suite 601
New York, NY 10004
*Attorney for Plaintiff*

Jacqueline L. Aiello
1500 Broadway, Suite 505
New York, NY 10036

Boyd Richards Parker & Colonnelli *Attorney for Defendants*
s/ Jacqueline L. Aiello

---

Application granted. A conference is hereby scheduled in this case for January 31, 2023 at 4:00 p.m. to resolve the issues raised in this letter. The conference will be conducted by telephone. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules.
The Clerk of Court is directed to terminate the motion pending at Dkt. No. 28.

SO ORDERED.

Dated: January 22, 2023
New York, New York

GREGORY H. WOODS
United States District Judge