JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

February 28, 2023

**VIA ECF**

Hon. Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Toxqui v. The Jade Farm LLC, et. al* – No. 22-cv-7899 – Request for Settlement Approval

Dear Judge Woods:

  We represent Plaintiff Jose Luis Toxqui in the above-referenced matter. We write with the consent of Defendants to request (1) that the Court approve the parties' settlement as to the Fair Labor Standards Act ("FLSA") overtime claim in this case because the settlement of this claim is fair and reasonable and (2) that the Court so-order the parties' stipulation of dismissal of all claims with prejudice. The parties' executed FLSA Settlement Agreement is submitted herewith as Exhibit 1, and the executed stipulation of dismissal is attached as Exhibit B to the FLSA Settlement Agreement.[1]

  In addition to the Plaintiff's FLSA overtime claims in the Complaint ("Complaint", Dkt. No. 1), Plaintiff has asserted race and national origin discrimination claims under 42 U.S.C. § 1981 and the New York City Human Rights Law ("NYCHRL") (collectively, "discrimination claims"), other wage and hour claims under the New York Labor Law ("NYLL"), and common law assault and battery claims. The parties have executed a settlement as to all of the non-FLSA claims that includes a non-disclosure agreement and a general release (collectively "Non-FLSA Claims Agreement"). In this regard, the settlement is bifurcated between the FLSA and non-FLSA claims.[2] As required by *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), the parties are submitting only the FLSA settlement agreement for the Court's review. *See Gallardo v. PS Chicken Inc.*, 285 F.Supp.3d 549, 553 (E.D.N.Y. 2018) (explaining that "separate settlement

---

[1] The submitted FLSA Settlement Agreement has an unsigned confession of judgment attached as Exhibit A. Defendants have represented to Plaintiff that they will remit the signed and notarized confession of judgment to Plaintiff's counsel tomorrow, March 1, 2023.

[2] The supervision requirement under *Cheeks* does not apply to resolution of Plaintiff's non-FLSA claims, which may be waived by private agreement. *See Tortomas v. Pall Corp.*, No. 18-CV-5098 (JMA)(SIL), 2020 U.S. Dist. LEXIS 97159 (E.D.N.Y. May 31, 2020); *Wright v. Brae Burn Country Club, Inc.,* 2009 U.S. Dist. LEXIS 26492, 2009 WL 725012, at *4 (S.D.N.Y. Mar. 20, 2009) ("There is no express restriction on the private settlement of waiver of wage and hour claims under New York law."); *Simel v. JP Morgan Chase*, 2007 U.S. Dist. LEXIS 18693, at *14-16 (S.D.N.Y. Mar. 19, 2007) (upholding release of New York Labor Law claims).

agreements of the non-FLSA claims in a combined FLSA/non-FLSA action would not generally be subject to court approval, in so far as their terms concerned only the non-FLSA claims").

Relevant here, Plaintiff worked as a bar back and bartender for the Jue Lan Club from 2017 to 2022. Plaintiff alleges, on behalf of himself and all other service employees at the Restaurant, that Defendants failed to provide himself, and other service workers, with a written wage notice of the tip credit, and therefore Defendants were not entitled to take a tip credit from his hourly pay.[3] *See* Complaint ¶¶ 64-91. As a result, Plaintiff alleges Defendants failed to pay him the correct minimum wage and overtime rate for the hours he worked. In addition, Plaintiff alleges Defendants withheld tips unlawfully, failed to pay the spread of hours premium, and failed to provide him with the legally required pay notices and pay stubs. *See* Complaint ¶¶ 64-91. Plaintiff also alleges that Defendants assaulted and battered, and unlawfully discriminated against him when they terminated his employment. *See* Complaint ¶ Complaint ¶¶ 92-114. Defendants deny all of Plaintiff's allegations.

Defendants reject and deny the material allegations asserted herein and within the Complaint (as it relates to both the FLSA claims and the non-FLSA claims), as well as the claim that the Defendants are joint employers and/or that the individuals named are considered employers under the FLSA and would thus be liable in the event of a judgment in Plaintiff's favor.

Prior to answering Plaintiff's Complaint, Defendants filed a pre-motion letter requesting leave to file a motion to compel arbitration. Dkt. No. 21. Plaintiff opposed Defendants' request, arguing that he did not sign the proffered arbitration agreement, and requesting leave to conduct limited discovery on that issue. Dkt. No. 22. This Court granted leave to conduct limited discovery on the issue of whether the arbitration agreement was binding, which the parties have engaged in. Dkt. No. 25. In addition, the Court ordered the parties to exchange relevant wage and hour documents and attend a mediation. Dkt. No. 20.

On January 26, 2023, the parties attended an all-day court ordered remote mediation session. At the mediation session, both parties accepted the mediator's proposal to resolve and settle the case. Consistent with that proposal, the parties have allocated the total settlement amount proportionally between the FLSA Settlement Agreement and the Non-FLSA Claims Agreement based on the relative potential damages for, and risks associated with, the FLSA claim and non-FLSA claims respectively. Thus, the parties have agreed to settle Plaintiff's FLSA overtime claim for a total of $33,000, with $25,000 being allocated to Plaintiff, and the remaining $8,000 being allocated to Plaintiff's counsel as attorneys' fees and costs. *See* Ex. 1 (Agreement) ¶ 1.

This settlement is fair and reasonable and should be approved. *See generally Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). To determine whether an FLSA settlement is "fair and reasonable," the court considers five factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-

---

[3] Plaintiff brough the underlying complaint as a class action, but the settlement only applies to Plaintiff's individual claims.

length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Zamora v. One Fifty Fifty Seven Corp.*, no. 14-cv-8043, 2016 U.S. Dist. LEXIS 49286, at *2 (S.D.N.Y. Apr. 1, 2016) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

At the mediation, Plaintiff estimated that his maximum possible damages for all of the wage and hour violations under both the FLSA and NYLL to be approximately $129,686.40, with the maximum possible compensatory wage and hour damages being $59,843.20 and with just the FLSA damages being approximately $6,002.34. Thus, the FLSA settlement amount exceeds Plaintiff's maximum possible recovery under the FLSA. Moreover, Plaintiff's individual portion of the FLSA settlement is $25,000, which is more than the estimated FLSA damages and amounts to roughly 42% of Plaintiff's total estimated wage and hour compensatory damages. The FLSA settlement amount is fair – it makes Plaintiff whole for the alleged FLSA overtime violations and reimburses him for attorneys' fees and costs.

The settlement allows Plaintiff to avoid the serious risk of litigation in this case. At its core, the parties' FLSA dispute centers on the veracity of a number of documents, and the Court's determination on this issue would have a determinative effect on the outcome of the case. That is, both parties' respective cases hinge on this issue and, by resolving the case now, both parties avoid a high-risk litigation where a single issue would determine the entirety of the case. Both parties wish to avoid such high stakes litigation and have chosen instead to resolve the case now.

The parties have engaged in a productive court-ordered mediation and reached this settlement before conducting depositions and avoiding the need for the Court's intervention on several outstanding discovery issues related to the arbitration sub-issue. Thus, the parties have largely avoided the costs and burdens associated with discovery. Moreover, this settlement was reached before Defendants' anticipated motion to compel arbitration was filed with the Court. By settling now, Plaintiff avoids the risk of a negative outcome to Defendants' motion. This settlement reduces the costs, and avoids the real risks, of continuing with this litigation.

Further, the settlement was the product of extensive arms-length mediation between the parties (who are represented by experienced counsel) conducted with the benefit of an excellent third-party mediator. Moreover, the total settlement amount was a product of a mediator's proposal, which reflects the overall fairness of the process and outcome and shows there is no possibility of fraud or collusion. The FLSA Settlement Agreement itself does not contain any offensive confidentiality provisions. Moreover, this agreement does not contain any impermissible releases. Plaintiff has agreed to release Defendants only from FLSA and other wage and hour claims. Agreement ¶ 4. Such narrowly-tailored wage-and-hour releases are routinely approved in this Circuit. *See, e.g.*, *White v. Banana Kelly Cmty. Improvement Assoc.*, No. 17-cv-8105 (HPB), 2018 U.S. Dist. LEXIS 195892, at *5-6 (S.D.N.Y. Nov. 16, 2018) (citing cases).

The settlement provides for reasonable attorneys' fees and costs to Plaintiff's counsel. Under the FLSA Settlement Agreement, Plaintiff's counsel will receive less than one third of the settlement amount – $8,000 – as reimbursement of costs and attorneys' fees. This includes $657.72

in costs ($402 filing fee, and $255.72 for service of process). *See* attached, Exhibit 2. Moreover, this attorneys' fee award is significantly less than Plaintiff's Counsel's lodestar, which is $43,405.[4]

Plaintiff's counsel's time and labor warrants the requested fee. Among other things, Plaintiff's counsel (1) met with Plaintiff multiple times to learn the relevant facts and reviewed Plaintiff's documents, (2) drafted and filed a complaint, (3) drafted papers and appeared in Court opposing Defendants' anticipated motion to compel arbitration, (4) engaged in paper discovery related to the arbitration issue, (5) raised, met and conferred, and filled a pre-motion letter regarding discovery deficiencies, (6) drafted a mediation statement, (7) met with Plaintiff to prepare for mediation, (8) analyzed a significant number of Defendants' documents in preparation for and during the mediation, (9) attended an all-day mediation session, and (10) drafted and reviewed settlement papers, including this letter motion. In total, Plaintiff's counsel spent a total of 109.4 hours on this action. *See* Exhibit 3. Plaintiff's lodestar in this action is $43,405, which is more than the requested fee and cost award. Thus, the $8,000 that is allocated to Plaintiff's counsel in the settlement agreement amounts to 18% of the lodestar amount (even without considering costs). Because this lodestar multiplier is less than one, this Court may find the "fees presumptively reasonable" and "need not assess the reasonableness of the rates charged." *Villanueva*, 2018 U.S. Dist. LEXIS 116379, at *8. As such, the fee award is objectively reasonable.

Under Plaintiff's contingency fee engagement agreement, Plaintiff's counsel is entitled to request out of the total recovery one-third in attorneys' fees and the recovery of costs. The "percentage of the settlement amount" method for determining a reasonable fee is "appropriate and commonly applied in FLSA cases" in this Circuit. *Velasquez v. Digital Page, Inc.*, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016); *accord Fang Xiao v. Grand Sicuan Int'l St Marks, Inc.*, No. 14-cv-9063, 2016 U.S. Dist. LEXIS 99669, at *6–7 (S.D.N.Y. July 29, 2016) (applying the percentage of the fund method); *see also McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010) (observing that "the trend in this Circuit is toward the percentage of

---

[4] Plaintiff's counsel's contemporaneous billing records are attached as Exhibit 3. Plaintiff's counsel has extensive experience representing employees in wage and hour and discrimination actions. Joseph & Kirschenbaum LLP ("JK") is a law firm dealing almost exclusively with employee rights. The three billers in this case are Michael DiGiulio (undersigned) Maimon Kirschenbaum (managing partner) and Evelyn Velesaca (paralegal). Michael DiGiulio graduated from Vermont Law School in 2014 and joined JK in 2020. Prior to joining JK, Mr. DiGiulio clerked on the United States Court of Appeals for the Second Circuit and practiced as an associate attorney for Super Law Group. Mr. DiGiulio's rate of $350 per hour is reasonable. *See Wen Bin Gao v. Lucky Brother Inc.*, Case No. 17-cv-8159, 2020 U.S. Dist. LEXIS 100811, at *4-7 (S.D.N.Y. June 9, 2020) (awarding associate rate of $350 in FLSA case); *Calixto v. Gomez Enters. USA Corp.*, Case No. 17-cv-9617, 2019 U.S. Dist. LEXIS 6592, at *5-6 (S.D.N.Y. Jan. 11, 2019) (awarding associate rate of $350 per hour for an attorney with 4 years of experience in an FLSA case). Mr. DiGiulio spent 83.6 hours on this case, for a total of $29,260. Mr. Kirschenbaum graduated from Fordham University School of Law in 2005, became a partner in 2007, is currently the managing partner of JK, and has extensive experience litigating employment cases in this district. Mr. Kirschenbaum's rate of $500 per hour is reasonable, as this Court has recently affirmed in a recent case. *See Zivkovic v. Laura Christy LLC*, Case No. 17 Civ. 553 (S.D.N.Y. June 15, 2022) at 16:16-19, 17:9-12, 17:21-22 (transcript attached as Ex. 4); *see also Brown v. Barnes & Noble, Inc.*, No. 16 CV 7333, 2020 U.S. Dist. LEXIS 85442, at *9-10 (S.D.N.Y. May 14, 2020) (approving a $500 rate for a partner with almost 10 years of experience litigating FLSA cases). Mr. Kirschenbaum spent 13.9 hours on this case, for a total of $6,950. Evelyn Velesaca is a paralegal and an English to Spanish translator at JK. Her rate of $125 per hour is reasonable. *See Rosales v. Gerasimos Entrs.* Case No. 16-CV-2278, 2018 U.S. Dist. LEXIS 1230 at *5 (S.D.N.Y. Jan. 3, 2018) (noting in 2018 that "in recent FLSA actions, hourly rates between $100 and $150 for paralegal work have been found to be reasonable"). Ms. Velesaca spent 11.9 hours on this case, for a total of $1,487.50.

the fund method"). Using this method, "attorneys' fee awards of one third or less of the total settlement amount are generally accepted" in this Circuit. *Cionca v. Interactive Realty, LLC*, No. 15-cv-5123, 2016 U.S. Dist. LEXIS 77372, at *5 (S.D.N.Y. June 10, 2016); *see also Torres v. Gristede's Operating Corp.*, 519 F. App'x 1, 5 (2d Cir. 2013) (characterizing one-third as the "standard contingency-fee level[]" in FLSA case); *Zeng Xiang Hiang v. Ai Chu Chiang*, No. 16-cv-1129 (HBP), 2016 U.S. Dist. LEXIS 142670, at *7 (S.D.N.Y. Oct. 14, 2016) ("Contingency fees of one third in FLSA cases are routinely approved in this Circuit.") (citing cases); *Cortes v. New Creators, Inc.*, No. 15 Civ. 5680 (PAE), 2016 U.S. Dist. LEXIS 79757, at *5 (S.D.N.Y. June 20, 2016) (fee award of one-third of settlement "consistent with contingency fees that are commonly accepted in the Second Circuit in FLSA cases" (quotation omitted)). Here, the attorneys' fee amount is less than 1/3 of the total FLSA settlement and is therefore reasonable.

For the foregoing reasons, Plaintiff respectfully requests that the Court approve the FLSA Settlement Agreement and so order the stipulation of dismissal, attached to the Agreement as Exhibit B. We thank the Court for its attention to this matter.

Respectfully submitted,


*s/Michael DiGiulio*
Michael DiGiulio

JOSEPH & KIRSCHENBAUM, LLP
32 Broadway, Suite 601
New York, NY 10004

*Attorneys for Plaintiff*


cc: Defendants' counsel (via ECF).