# Exhibit 1

# WAGE AND HOUR SETTLEMENT AGREEMENT AND LIMITED RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into between Jose Luis Toxqui ("Plaintiff"), on the one hand, and the Jade Farm LLC d/b/a Jue Lan Club ("JLC"), "Naomi" Ram, Mohammad Ali Amanollahi and Anya Argwello (the "Individual Defendants," and collectively with JLC, "Defendants"), on the other hand. Plaintiff and Defendants are individually referred to herein as "Party", and collectively referred to herein as the "Parties."

**WHEREAS,** Plaintiff was an at-will employee, who worked as a barback for JLC from about August 2017 until in or about July 2020, and a bartender from July 2020 to August 18, 2020;

**WHEREAS,** on September 15, 2022, Plaintiff filed a complaint against the Defendants in the United States District Court for the Southern District of New York, captioned *Toxqui v. the Jade Farm LLC d/b/a Jue Lan Club, Naomi Ram, Mohammad Ali Amanollahi, and Anya Argwello*, Case 1:22-cv-07899-GHW (the "Action"), alleging violations of the Fair Labor Standards Act (the "FLSA"), the New York Labor Law (the "NYLL") and the New York State Human Rights Law (the "NYSHRL");

**WHEREAS,** Defendants have denied all of material allegations made by Plaintiff and any and all alleged wrongdoing or liability to Plaintiff on any grounds whatsoever;

**WHEREAS,** on November 16, 2022, the Court ordered that the Action be referred to the Mediation Part;

**WHEREAS,** the Parties attended mediation on January 26, 2023;

**WHEREAS,** the Parties agreed to the material terms of a settlement on January 26, 2023, as a result of the mediation, and signed a Term Sheet outlining those terms in principle;

**WHEREAS,** the Parties now seek to fully and finally settle all wage and hour claims, whether or not now known, that Plaintiff has or may have against the Defendants or Releasees (as defined herein) on the terms set forth herein and without any admission of liability;

**NOW THEREFORE,** the Parties mutually understand and agree as follows:

1.  <u>Settlement Payment.</u>  In consideration for Plaintiff, among other things, entering into this Agreement and in full and complete satisfaction of his actual and potential claims against the Defendants and the Releasees as to the Released Matters (as defined herein), JLC agrees to pay, or caused to be paid, to Plaintiff a total sum of Thirty-Three Thousand, Dollars ($33,000.00) (the "Settlement Amount"). The Defendants will tender the Settlement Amount as follows:

    a.  One check payable to Jose Luis Toxqui in the amount of Twenty-Five Thousand Dollars ($25,000.00), less applicable deductions and withholdings, representing alleged unpaid wages, for which JLC shall issue to Plaintiff a Form W-2, based on

Plaintiff's Form W-4 it has on file and a statement listing the deductions and withholdings;

b.    One check payable to Joseph & Kirschenbaum LLP in the amount of Eight Thousand Dollars ($8,000.00), representing attorneys' fees and costs, for which JLC shall issue to Joseph & Kirschenbaum LLP a Form 1099.

c.    Joseph & Kirschenbaum LLP will provide to the Defendants completed W-9 tax forms simultaneously with Plaintiff's executed copy of this Agreement.

d.    Due within thirty (30) days after the Dismissal Date (as defined herein), the payments above shall be sent by overnight delivery to the office of Plaintiff's counsel, Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, New York 10004.

e.    Defendants shall execute a Confession of Judgement for the amount of the Settlement Amount as defined herein in the form annexed hereto as Exhibit A. Plaintiff's counsel shall hold the Confession of Judgment in escrow. In the event Defendants do not pay the Settlement Amount within the time frame set forth herein, Plaintiff shall provide Defendants, through their counsel by email and certified mail: Jacqueline L. Aiello, Esq., jaiello@boydlawgroup.com, 1500 Broadway, Suite 505, New York, NY 10036, a notice to cure allowing Defendants 14 days to cure such default. In the event Defendants do not cure the default within the 14-day Notice to Cure period, Plaintiff shall be entitled to enforce the confession of judgment. Upon the Settlement Amount being received by Plaintiff's counsel, Plaintiff shall provide Defendants' counsel with the Confession of Judgment and immediately destroy any copies made.

2.    <u>Indemnification.</u>

a.    By signing this Agreement, the Defendants take no position and make no representations as to Plaintiff's characterization of the Settlement Amount or whether any part of the Settlement Amount paid pursuant to this Agreement should be characterized as wage income or non-wage income. Plaintiff acknowledges and agrees that neither the Defendants nor their agents have had any input as to the apportionment of the Settlement Amount as between Plaintiff and her counsel or as between unpaid wages and liquidated or statutory damages and have not provided any tax advice concerning the Settlement Amount. Plaintiff shall indemnify and hold harmless the Defendants and the Defendants' counsel, and shall be solely responsible, for any taxes, interest and penalties incurred by any party or their counsel as a result of Plaintiff's receipt of the Settlement Payment and/or his tax characterization of the Settlement Amount, including any governmental agency challenge to the characterization of the Settlement Amount in this Agreement or failure to pay taxes on the Settlement Amount to any government, local, state, or federal.

b.    Plaintiff further acknowledges and agrees that: (i) this settlement may result in taxable income to him under applicable federal, state, and local tax laws; (ii) the Defendants are not providing any tax, accounting or legal advice to Plaintiff, and make no representations regarding any tax obligations or consequences on Plaintiff's part relating to or arising from this

Agreement; (iii) Plaintiff shall be solely responsible for all of his tax obligations, including, without limitation, all federal, state, and local taxes, interest and penalties and all tax liens or claims against the Defendants that may arise from all payments received by him under this Agreement, and Plaintiff shall not seek any indemnification or reimbursement from the Defendants with respect thereto; and (iv) Plaintiff shall cooperate and provide information to the Defendants, as reasonably necessary, to allow the Defendants to comply with all applicable federal, state, and local tax laws and reporting requirements.

  c. Plaintiff acknowledges and agrees that, except as expressly provided in this Agreement or any other agreements related to the Action, he is not entitled to, and will not claim or receive, any additional compensation, wages, overtime, commissions, liquidated damages, bonuses, severance payments, vacation pay or benefits of any kind from the Defendants or any of their affiliates, predecessors, successors, owners, or employees, and that no contrary representations or promises to the contrary have been made by or on behalf of the Parties.

  d. The Settlement Amount shall constitute full and complete payment of all sums to which Plaintiff has claimed or may claim to be entitled from Defendants regarding his compensation of wages, including but not limited to those wage and hour claims that were or could have been asserted in the Action, and in consideration for the release set forth in Paragraph 4 herein.

  3. <u>Consideration.</u> Plaintiff acknowledges and agrees that the Settlement Amount and other consideration set forth herein exceeds that to which Plaintiff would otherwise be entitled to receive without providing a release of wage and hour claims under the normal operation of JLC's benefit plans, policies, and/or practices.

  4. <u>Wage and Hour Waiver and Release</u>. For valuable consideration, including the benefits referred to in this Agreement, receipt of which is hereby acknowledged, Plaintiff, on behalf of himself and his heirs, executors, successors and assigns, waives, releases, and forever discharges JLC and its current and former directors, officers, shareholders, board members, managers, employees, agents, attorneys, insurers, representatives, administrators, successors and assigns, all within their individual and official capacities; Dorpatie "Naiome" Ram, Mohammad Ali Amanollahi and Anya Argwello, and their respective heirs, executors, successors and assigns, and any and all others claimed to be liable or jointly liable (collectively referred to as the "Releasees") from any and all rights, causes of action, claims or demands, whether express or implied, known or unknown, that have arisen or may have arisen on or before the date that Plaintiff executes this Agreement, which Claimant has or may have against the Defendants and/or the Releasees, as they relate to any claims that were or could have been asserted in this Action for unpaid wages or violations of the wage/hour laws, including, but not limited to, any and all rights, causes of action, claims, demands, or attorneys' fees, relating to or arising under the Fair Labor Standards Act of 1938, the Family and Medical Leave Act of 1993, the Employee Retirement Income Security Act of 1974, the Worker Adjustment and Retraining Notification Act of 1988, the New York Labor Law, the New York Wage Theft Prevention Act, or the New York Insurance Law, all as amended or any other federal, state, or local law concerning payment or reporting of wages, including minimum wage, overtime, sick leave, and family leave, as well as all claims relating to or arising under any collective bargaining agreement, employee benefit plan, or express or implied contract, as well as all claims for wages, compensation, benefits,

commissions and expenses paid or unpaid during the term of her employment (the "Wage and Hour Released Matters").

a.      Plaintiff understands that he is releasing wage and hour claims about which Plaintiff may not know anything at the time Plaintiff executes this Agreement. Plaintiff acknowledges that it is Plaintiff's intent to release such unknown wage and hour claims, even though Plaintiff recognizes that someday Plaintiff might learn new facts relating to Plaintiff's compensation during his employment or learn that some or all of the facts Plaintiff currently believes to be true are untrue, and even though Plaintiff might then regret having signed this Agreement. Nevertheless, Plaintiff acknowledges and is aware of that risk and agrees that this Agreement shall remain effective in all respects in any such case. Plaintiff expressly waives all rights Plaintiff might have under any laws intended to protect Plaintiff from waiving unknown wage and hour claims.

b.      Plaintiff acknowledges and agrees that the Settlement Amount represents the full extent of the Releasees' potential liability and payment obligations as to the Wage and Hour Released Matters, inclusive of all costs and expenses, including attorneys' fees, associated with this Action and settlement thereof, and that Plaintiff is not otherwise entitled to anything of value from Releasees related to the Wage and Hour Released Matters; and

c.      To the fullest extent permitted by law, Plaintiff covenants and agrees never to institute any action or suit at law or in equity pertaining to the Wage and Hour Released Matters as described in this paragraph of this Agreement, individually or as a member of a class.

5.      <u>Execution of the Agreement and Settlement Approval.</u>   The Parties agree to execute this Agreement without delay upon finalization of its terms. As soon as practical after the Effective Date (as defined in the Confidential Settlement Agreement being entered into between the Parties to resolve Plaintiff's discrimination claims), the Parties shall jointly submit this Agreement to and move the Court for approval of this Agreement, pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015).

6.      <u>Voluntary Dismissal of the Action, with Prejudice; Dismissal Date</u>. For valuable consideration, including the benefits referred to in this Agreement, receipt of which is hereby acknowledged, Plaintiff agrees and hereby authorizes and directs his attorneys, upon the Court's entry of an order approving this Settlement Agreement, to prepare, execute and file with the Court, the Stipulation and Order of Dismissal pursuant to F.R.C.P. 41(a)(1)(A)(II) in the form attached hereto as Exhibit B or in any other form required by the Court, and by executing any other documents necessary to complete such dismissal with prejudice. The Dismissal Date shall be the date of the Court's entry of an order dismissing the Action, with prejudice.

7.      <u>No Other Claims</u>. Plaintiff represents and agrees that, with the exception of the claims filed in the Action, he has not filed or caused to be filed with any court or government agency any other complaints, charges, lawsuits, or other legal actions against the Releasees, including without limitation, for injunctive, declaratory, monetary, or other relief.

8.      <u>Wage Deduction Orders</u>. Plaintiff represents that, to his knowledge, he is not subject to any liens or wage deduction orders which require deductions from his portion of the Settlement Amount. If Plaintiff is subject to any wage garnishment or deduction orders that

would require payment to a third party of any portion of the Settlement Amount, Plaintiff will be required to deduct the amount owed in accordance with any such wage garnishment or deduction order as required by applicable law. If Plaintiff is subject to any wage garnishment or deduction order that would require payment to a third party of any portion of the Settlement Amount, Plaintiff shall submit in writing a description of this wage garnishment or deduction order to the Defendants. Such disclosure shall not disqualify Plaintiff from receiving his portion of the Settlement Amount under this Agreement; provided, however, that the portion of the Settlement Amount to be paid to Plaintiff, described in Paragraph 1, shall be reduced in accordance with any such wage garnishment or deduction order as required by applicable law.

9.      <u>No Admission of Liability.</u>   Defendants deny all allegations of wrongdoing against Plaintiff and Plaintiff agrees and acknowledges that this Agreement is not, and shall not be construed to be, nor shall Plaintiff allege it to be, an admission of any liability or wrongdoing by Defendants. This Agreement shall not be submitted as evidence of any liability or wrongdoing in any action or proceeding, except for such action or proceeding to enforce this Agreement or for breach thereof.

10.     <u>Return of Property</u>. Plaintiff represents and warrants that he has returned all property belonging to JLC.

11.     <u>Consultation with Legal Counsel</u>. Defendants hereby advise Plaintiff to consult with an attorney prior to signing this Agreement. Plaintiff has consulted with and been represented by counsel in connection with the Action and the negotiations of this Agreement and its terms.

12.     <u>Attorneys' Fees.</u> No Party herein shall be deemed the prevailing Party and all Parties hereby waive any and all claims for attorneys' fees, disbursements, costs, and expenses against the others concerning all claims released herein, including those alleged in the Action. Each of the Parties shall bear its/his own attorneys' fees in connection with the Action, and the preparation and negotiation of this Agreement, except as otherwise set forth within Paragraph 1(b) herein or any other agreement related to the Action.

13.     <u>Choice of Law and Venue</u>. This Agreement is made and entered into in New York and shall be interpreted and enforced under and shall be governed by the laws of that state, without regard to the principles of conflict of laws. Any action concerning any dispute pertaining to this Agreement shall be brought in the United States District Court for the Southern District of New York.

14.     <u>Authority</u>.   Each Party represents and warrants that they have the full right, power, and authority to enter into this Agreement and to grant any and all rights, licenses, and releases granted herein. Any individual signing this Agreement on behalf of a Party represents and warrants that he or she has full authority to do so.

15.     <u>Breach of Agreement</u>. Breach of any of the provisions of this Agreement by any Party to this Agreement shall be deemed a material breach. In the event of any litigation to enforce or regarding a breach of the terms of this Agreement, the prevailing party shall be entitled to receive from the other reasonable attorneys' fees and costs up through and including the appellate process from a court of competent jurisdiction.

16.     Severability. If any provision of this Agreement, or any part thereof (except for the release in Paragraph 4 and the obligation to pay the settlement amount in Paragraph 1, which are not severable), is held by a court of competent jurisdiction to be invalid, unenforceable or against public policy for any reason, this Agreement shall be construed without such term or condition and the remainder of the Agreement shall remain in full force and effect and shall not be affected, impaired or invalidated. If any court construes any provision contained in this Agreement to be unenforceable by reason of being overbroad, the Parties shall enter into a modified Agreement which shall reduce the breadth of such provision to the extent necessary to render it enforceable and, in its reduced form, such provision shall then be enforced.

17.     Drafter and Interpretation of Agreement.  The Parties acknowledge that they each have fully participated in the preparation of all provisions of this Agreement. None of the Parties hereto shall be considered the drafter of this Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

18.     Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. A facsimile, portable document format, or other electronic version of an executed copy of the Agreement shall be accepted and enforceable as if it were an original. Facsimile or electronic version of signatures shall be treated as if they were originals.

19.     Binding Effect. This Agreement shall be binding upon and inure to the benefit of Plaintiff, the Defendants and the Releasees, and their respective representatives, predecessors, heirs, successors, and assigns.

20.     Headings. The headings in this Agreement are for convenience of the parties and are not intended to modify the terms of the Agreement.

21.     Entire Agreement. This Wage and Hour Agreement contains the complete understanding between the Parties as to the subject matter contained herein, and no other promises or agreements shall be binding unless signed by an authorized representative of each of the Parties. In signing this Agreement, the Parties are not relying on any fact, statement, or assumption not set forth in this Agreement. Notwithstanding the foregoing, Plaintiff understands that any agreements signed by Plaintiff to which JLC is a party, a successor, or an assign concerning non-disclosure of confidential information, non-competition, non-solicitation, tuition reimbursement, loan repayment, deductions from final compensation, ownership of inventions or intellectual property, equity or stock plans, or the like (the "Surviving Terms"), are not superseded by this Agreement. Rather, the Surviving Terms are incorporated herein by reference and, to the extent such agreements impose upon Plaintiff additional and/or broader obligations than contained herein, such terms and conditions will be controlling unless JLC expressly waives in writing its right to enforce such terms and conditions.

22.     Waiver of Provisions of the Agreement.  No waiver of a breach of any term or provision of this Agreement shall be valid unless it is in writing and signed by the party or parties against whom enforcement of such waiver is or may be sought. Waiver of any one provision shall not be deemed to be a waiver of any other provision of this Agreement and

waiver of a provision at any time or under any circumstance shall not be deemed a waiver of that provision at any other time or under any other circumstance.

23.     Representation and Warranty of Understanding. By signing below, Plaintiff represents and warrants that Plaintiff: (a) has carefully read and understands the terms of this Agreement; (b) is entering into the Agreement knowingly, voluntarily and of his own free will; (c) understands the Agreement's terms and significance and intends to abide by its provisions without exception; (d) has not made any false statements or representations in connection with this Agreement; and (e) is the owner of all claims and rights released hereunder, has not transferred, assigned or otherwise conveyed to any person or entity not a party to this Agreement any claim or right released hereunder, and Plaintiff agrees to indemnify the Defendants and hold them harmless against any claim (including claims for attorneys' fees or costs actually incurred, regardless of whether litigation has commenced) based on or arising out of any alleged transfer, assignment or conveyance of a claim by Plaintiff.

JOSE LOUIS TOXQUI

BY: _____
DATE: 02 - 28 - 2023

STATE OF NEW YORK     )
SS:
COUNTY OF  Queens )

On the 28th day of February in the year 2023 before me, the undersigned, personally appeared Jose Louis Toxqui, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within Settlement Agreement and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

> JOHANNA I LABOY
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 01LA6400511
> Qualified in Queens County
> My Commission Expires  11/25/2023

Notary Public

JADE FARM LLC d/b/a JUE LAN CLUB         MOHAMMAD ALI AMANOLLAHI

BY: _____     BY: _____
ITS:                                      DATE : 
DATE:

DORPATIE RAM a.k.a. NAIOME RAM            ANYA ARGWELLO

BY: _____     BY: _____
DATE:                                     DATE:

waiver of a provision at any time or under any circumstance shall not be deemed a waiver of that provision at any other time or under any other circumstance.

23.    Representation and Warranty of Understanding. By signing below, Plaintiff represents and warrants that Plaintiff: (a) has carefully read and understands the terms of this Agreement; (b) is entering into the Agreement knowingly, voluntarily and of his own free will; (c) understands the Agreement's terms and significance and intends to abide by its provisions without exception; (d) has not made any false statements or representations in connection with this Agreement; and (e) is the owner of all claims and rights released hereunder, has not transferred, assigned or otherwise conveyed to any person or entity not a party to this Agreement any claim or right released hereunder, and Plaintiff agrees to indemnify the Defendants and hold them harmless against any claim (including claims for attorneys' fees or costs actually incurred, regardless of whether litigation has commenced) based on or arising out of any alleged transfer, assignment or conveyance of a claim by Plaintiff.

JOSE LOUIS TOXQUI

_____
BY:
DATE:

STATE OF NEW YORK        )
SS:
COUNTY OF                )

On the ___ day of _____ in the year 2023 before me, the undersigned, personally appeared Jose Louis Toxqui, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within Settlement Agreement and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

JADE FARM LLC d/b/a JUE LAN CLUB          MOHAMMAD ALI AMANOLLAHI

_____          _____
BY: DORPATIE Ram                          BY: Mohammad Ali Amanollahi
ITS: CFO                                  DATE: 2/28/23
DATE: 2/28/23

DORPATIE RAM a.k.a. NAIOME RAM            ANYA ARGWELLO

_____          _____
BY: DORPATIE Ram                          BY: Anya Argwello
DATE: 2/28/23                             DATE: 02/28/23

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x

JOSE LUIS TOXQUI,                                :
                                                 :
                           Plaintiff,            :
                                                 :
                                                 :
              v.                                 :          Case No.: 1:22-cv-07899-GHW
                                                 :
THE JADE FARM LLC d/b/a JUE LAN CLUB,            :       **AFFIDAVIT OF CONFESSION OF**
NAOMI RAM, MOHAMMAD ALI                          :       **JUDGMENT ON BEHALF OF JADE**
AMANHOLLAHI, and ANYA ARGWELLO                   :              **FARM, LLC**
                                                 :
                           Defendants.           :
                                                 :
                                                 :
--------------------------------------------------------------- x

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

        Dorpatie Ram, being duly sworn, deposes and says:

        1.    I am a defendant in the above entitled action, incorrectly named Naomi Ram herein. On

behalf of Jade Farm LLC s/b/a Jue Lan Club ("JLC"), 49 West 20th St, New York, New York

10011, I authorize entry of judgment against  JLC in the United States District Court, Southern

District Of New York.

        2.    I have authority to sign on behalf of JLC and am duly authorized to make this Affidavit

of Confession of Judgment on behalf of JLC.

        3.    I hereby confess judgment on behalf of Jade Farm, and authorize entry of judgment

against Jade Farm, in favor of Plaintiff Jose Luis Toxqui ("Plaintiff") for the sum of Thirty-Three

Thousand Dollars ($33,000.00), less the amount for any payments already made, pursuant to the

terms of the Wage and Hour Agreement (the "Settlement Agreement"), entered into and signed by

Plaintiff and Defendants in the above-captioned proceeding.

4.   This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the terms of the Settlement Agreement.

5.   I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement, and only after Defendants' failure to cure period has expired, Plaintiff shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court, or any court of proper jurisdiction, as a judgment against Defendant The Jade Farm LLC, against all property, of any kind, in which The Jade Farm LLC has any ownership interest.

6.   A copy of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel, Joseph & Kirschenbaum LLP, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Settlement Agreement.

_____
Dorpatie Ram a.k.a Naomi Ram

Sworn to and subscribed before me this
\_\_\_\_\_ day of _____, 2023

_____
NOTARY PUBLIC

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- ---------------------------------------------------------------------- X

|  |  |  |
|---|---|---|
| JOSE LUIS TOXQUI, | : | |
| | : | Case No.: 1:22-cv-07899- |
| Plaintiff, | : | GHW |
| | : | |
| v. | : | **STIPULATION OF** |
| | : | **VOLUNTARY** |
| THE JADE FARM LLC d/b/a JUE LAN CLUB, NAOMI | : | **DISMISSAL** |
| RAM, MOHAMMAD ALI AMANHOLLAHI, and ANYA | : | **PURSUANT TO** |
| ARGWELLO, | : | **F.R.C.P. 41(a)(1)(A)(ii)** |
| | : | |
| Defendants. | : | |

- ---------------------------------------------------------------------- X

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties and their

respective counsels that the above-captioned action is voluntarily dismissed, with prejudice and

without costs as against either party, pursuant to the Federal Rules of Civil Procedure

41(a)(1)(A)(ii).

Dated:      New York, New York
            February 28, 2023


_____
Nicholas P. Iannuzzi, Esq.
Boyd Richards Parker & Colonnelli, P.L.
Attorneys for Defendants
1500 Broadway, Suite 5050
New York, New York 10036
212-400-0626

_____
Mike DiGiulio, Esq.
Joseph & Kirschenbaum LLP
Attorneys for Plaintiffs
32 Broadway, Suite 601
New York, New York 10004
212-688-5640